27 C.C.P.A.(Patents)

## In re ROBERTS.

### Patent Appeal No. 4181.

Court of Customs and Patent Appeals.
Dec. 4, 1939.

John D. Rippey and John H. Cassidy, both of St. Louis, Mo., for appellant.

R. F. Whitehead, of Washington, D. C., (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims—Nos. 2, 4, 7, 8, and 9—in appellant's application for a patent for an alleged invention relating to improvements in piston rings.

As set forth in the appealed claims, appellant's piston rings comprise a plurality of superimposed annular leaves or laminae, each leaf having a gap formed radially thereof, the gaps being spaced equidistant about the composite ring. Each leaf, with the exception of the outer one, is provided with a lug or "stop" welded onto it at a point removed from the ends of the leaf. The lug or "stop" is of substantially the same thickness as the leaf, and lies within the gap of an adjacent leaf thereby preventing relative rotation of the leaves. If the leaves are permitted to rotate relative to one another, the gaps in the several sections are likely to be brought into alignment thus reducing the efficiency of the rings by "permitting the compression in the cylinder to blow by the gaps."

Claim 2 is sufficiently illustrative of the appealed claims. It reads: "2. A piston ring of the class described comprising a plurality of thin substantially flat sections, each slightly concave on one side and convex on the other side, arranged in superimposed relation, each section having a gap, the gap of each section being staggered relative to the gaps of the adjacent sections, and a stop fused to each section but one at the gap of an adjacent section, each stop comprising a dog of substantially the same thickness as a section and adapted to contact adjacent end walls of an adjacent section, whereby a gas tight seal is made and relative rotation of the sections is prevented."

The references are: Muchnic, 1,200,641, October 10, 1916; Platt, 1,643,628, September 27, 1927; Gilmer, 1,671,526, May 29, 1928; Howlett (Br.) 427,256, April 8, 1935; Sopp, 2,073,500, March 9, 1937; Cords, 2,091,947, August 31, 1937.

The patents to Cords and Howlett disclose piston rings of the same type as that here claimed by appellant. However, they do not disclose any means to prevent relative rotation of the leaves.

The patent to Sopp relates to piston rings, and discloses the type of ring here claimed by appellant. The patentee's rings have kinks formed in each leaf, the kinks being adapted to fit in the gap of an adjacent leaf thus preventing relative rotation or creeping of the leaves.

The patents to Muchnic, Platt, and Gilmer relate to rings of a somewhat different type. The patentees disclose two superimposed ring elements having lugs or stops attached thereto by means of rivets. The lugs cooperate with the gaps and prevent relative rotation of the ring elements. The ring elements disclosed in those patents are of such proportions that the use of riveted lugs does not impair their efficiency.

The improvement in appellant's structure, which is relied upon here for the claim of patentable invention, is the use of welded or spot welded lugs or "stops," not disclosed in the references, in the place of the stop element disclosed in the patent to Sopp and the riveted lugs or "stop" elements disclosed in the patents to Muchnic, Platt, and Gilmer.

It is argued by counsel for appellant that the "patents to Gilmer, Platt and Muchnic disclose lugs riveted to piston ring segments in a position that they may act as a stop for adjacent segments. But it is clear that such an expedient cannot be used with rings of this (appellant's) type. The use of a rivet would weaken the leaf and destroy its resiliency."

The force of the latter statement is conceded by the Patent Office tribunals and by the Solicitor for the Patent Office. It is the view of the Patent Office tribunals, however, that as it was old to use stop

596

elements, as disclosed in the patent to Sopp and in the patents to Muchnic, Platt, and Gilmer, to maintain the gaps in the ring elements in staggered relation and prevent their coming into alignment, and as "spot welding is a well-known equivalent of riveting," it did not involve invention to substitute spot welded lugs or "stops" for the riveted lugs in the patents to Muchnic, Platt, and Gilmer. In this connection, the board said: "The Sopp patent is evidence that the broad conception was · not new with appellant. If the deformations proposed by Sopp seriously impair the resilient characteristics of the ring, it seems to us that it would be obvious to use a stop of a type which requires no deformation of the ring proper, such as those shown in the group of references last referred to (Muchnic, Platt, and Gilmer). One following the strict teachings of the patents would naturally employ rivets in using such stops. We think, however, that it should occur to one attempting to use such stops and finding that rivets tended to weaken the ring elements excessively, that they could be attached by a welding operation. As a general proposition, spot welding is a well-known equivalent of riveting. We are unable to see that, in adopting this equivalent attaching expedient, any unobvious utility thereof has been recognized."

■ It appears from the record that appellant's rings have met with commercial success; that rings of the Cords and Sopp type are not entirely, satisfactory; and that appellant, by providing the rings of the Cords and Howlett type with spot welded lugs or "stops," has made a distinct contribution to the piston ring art. There is nothing in the record, however, to indicate that it would be unobvious to one skilled in the art to substitute spot welded lugs for the lugs disclosed in the patent to Sopp, in view of the disclosure of riveted lugs in the patents to Muchnic, Platt, and Gilmer. Furthermore, as pointed out by each of the tribunals of the Patent Office and by the Solicitor for the Patent Office, welding, soldering, and riveting "are mechanically equivalent ways of fastening things together," and the substitution of welding for riveting "does not constitute novelty." Metropolitan Engineering Co. v. Coe, 64 App.D.C. 317, 78 F.2d 201, 202; In re Hodgson, 25 C.C.P.A.,Patents, 1110, 96 F.2d 285; Thomson Spot Welder Co. v. Ford Motor Co., 6

Cir., 281 F. 680, affirmed by the Supreme Court 265 U.S. 445, 44 S.Ct. 533, 68 L.Ed. 1098.

■ We are of opinion, therefore, that, although the prior art cited does not disclose spot welded "stops" or lugs in piston rings, it would be obvious to one skilled in the .art to substitute spot welded lugs or "stops" in the Cords or Howlett rings in place of the riveted lugs or "stops" disclosed in the patents to Muchnic, Platt, and Gilmer.

The decision of the Board of Appeals is affirmed.

Affirmed.